# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 28 2013, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES E. MEFFORD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A04-1208-CR-394 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Sally A. Blankenship, Judge
Cause Nos. 15D02-1104-FA-7 and 15D02-1109-FA-21

February 28, 2013

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

James E. Mefford ("Mefford") appeals his sentence for Class A felony child molesting[1] and Class B felony dealing in a schedule II controlled substance (hydrocodone).[2]

We affirm.

ISSUE

Whether Mefford's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

FACTS

In 2004, Mefford was convicted of Class B felony sexual misconduct with a minor and was sentenced to twenty (20) years, with ten (10) years executed in the Department of Correction and ten (10) year suspended to probation.

While on probation, Mefford committed the offenses that are the subject of this appeal. Specifically, on December 1, 2010, and on January 31, 2011, Mefford delivered hydrocodone to another individual. Additionally, in February 2011, Mefford had sexual intercourse with his thirteen-year-old stepdaughter, S.F., who became pregnant and later got an abortion. DNA tests conducted on the aborted fetus revealed that Mefford was the father of the baby.

On April 1, 2011, the State charged Mefford with Class A felony child molesting under cause number 15D02-1104-FA-7 ("FA-7"). On April 4, 2011, the State charged

---

[1] Ind. Code § 35-42-4-3(a)(1).

[2] I.C. § 35-48-4-2(a)(1)(C).

Mefford with Class B felony dealing in a schedule II controlled substance, which it later amended to Class A felony dealing in three grams or more of a Schedule II narcotic drug under cause number 15D02-1109-FA-21 ("FA-21").[3] In June 2011, the State also filed an allegation, under both FA-7 and FA-21, that Mefford was an habitual offender.

On January 10, 2012, Mefford entered into a written plea agreement with the State in both FA-7 and FA-21.[4] Under FA-7, Mefford agreed to plead guilty to the Class A felony child molesting charge and the habitual offender allegation. Under FA-21, Mefford agreed to plead guilty to an amended charge of Class B felony dealing in a Schedule II controlled substance, and the State agreed to dismiss the habitual offender allegation. Mefford also agreed to admit that he violated his probation from his sexual misconduct with a minor conviction. The plea agreement left sentencing open to the trial court's discretion. That same day, the trial court held a combined guilty plea hearing, and Mefford pled guilty in both causes as set forth above.

The trial court held a combined sentencing hearing on June 6, 2012. During this hearing, Mefford introduced a report from a psychologist he had hired to perform a psychological evaluation for sentencing. The report revealed that Mefford had reported that he had been sexually abused as a child and that he had abused drugs and alcohol.

Also during the sentencing hearing, the State asked the trial court to take judicial notice of the probable cause affidavits and the record from FA-7 and FA-21. The State

---

[3] The Class B felony charge was originally filed under a different cause number that was then changed to FA-21 upon the amendment of the A felony charge.

[4] Mefford did not include a copy of the plea agreement in his Appellant's Appendix. The details of his plea agreement are contained in the transcript from the guilty plea hearing.

3

also presented testimony from the two investigating officers in both causes. The officers revealed additional information about the facts surrounding Mefford's offenses, including the fact that S.F. is mentally handicapped and has a learning disability. One of the officers also testified that Mefford told S.F. to lie about her pregnancy and tried to take her out of state to have an abortion.

When sentencing Mefford, the trial court determined that Mefford's extensive criminal history was an aggravating circumstance. Mefford's criminal history includes the following convictions: (1) Class B felony sexual misconduct with a minor in 2004; (2) two Class A misdemeanor convictions for deception in 1999; (3) presenting a false name in 1994; (4) passing a bad check in 1994; (5) a felony receiving stolen property conviction and two forgery convictions in 1994, in which his probation was revoked seven months later; (6) domestic violence in 1994; (7) disorderly conduct in 1993; (8) passing bad checks in 1993; (9) four felony convictions for passing bad checks in 1993; (10) passing bad checks with insufficient funds in 1993; (11) domestic violence in 1993; (12) disorderly conduct in 1993; (13) passing bad checks in 1994, in which his probation was revoked in 1996; (14) receiving stolen property in 1992; and (15) theft in 1991. Additionally, Mefford has two juvenile adjudications for gross sexual imposition and a juvenile adjudication for aggravated burglary.

The trial court also considered the following additional aggravating circumstances:

> The Court finds the circumstances of the child molesting to be aggravated and demonstrate that the Defendant is a risk to children and that the Defendant requires incarceration to protect society. Further, the impact of the crime on the victim is of grave concern. The victim of the child molesting is a mentally challenged child who is noted by the attorney and

4

caseworker for the Department of Child Services to be "feeling the trauma" of what occurred and continues in counseling. The Defendant was in a position of trust with the victim who was thirteen (13) years old and the Defendant was thirty-two (32) years old.[5] The Defendant was a "father" figure and was married to the victim's mother. The Defendant knew of the victim's mental challenges. The victim in an interview at the child advocacy center stated her "dad" (the Defendant) had taken her into the bathroom and had her "pee on a stick" and that is how they found out she was pregnant and then advised "they went to a place where they made her 'pee' in a cup and watch a movie about babies". The Defendant was seeking to have the victim have an abortion out of State. The actions of the Defendant combined with the fact that the thirteen (13) year old victim became pregnant as a result of the molestation with the resulting additional emotional trauma are additional serious aggravators of the crime.

The Court considers the lack of remorse and actions of the Defendant after committing the child molestation. The testimony provided that the Defendant told the young victim to lie after it was discovered she was pregnant and the Defendant assisted in looking into an abortion in another state. The DNA of the fetus confirmed that the Defendant was the father. The Defendant after first denying the allegation then attempted to state he mistakenly thought the child was his wife and has never assumed responsibility for his criminal actions. The Court finds these actions and lack of remorse to be an aggravating circumstance.

The Defendant admitted to delivering hydrocodone in Cause No. [FA-21] and the evidence provides that the Defendant sold twenty-one (21) tablets of hydrocodone at a Laundromat to a confidential informant and then subsequently sold ten (10) tablets of hydrocodone at his residence. The Defendant has a history of substance abuse and had previously received treatment for substance abuse at Bethesda Oak in the late 1980's and attended treatment while confined in the Indiana Department of Correction in 2008 to 2010. The Court considers that the Defendant has had the opportunity to receive treatment prior to committing the offense of delivering controlled substances and has continued to commit serious substance abuse offenses despite treatment.

The Court finds it a further aggravating factor that the Defendant committed the offenses while on felony probation for sexual misconduct with a minor . . . .

---

[5] Based on Mefford's date of birth provided in the presentence investigation report and in the child molesting charging information, he would have been forty-one (41) at the time of the offenses.

(App. 131-32). The trial court acknowledged Mefford's proffered mitigator that he had been molested as a child but determined that it was not a mitigating circumstance in this case.

For Mefford's Class A felony child molesting conviction in FA-7, the trial court imposed a fifty (50) year sentence enhanced by thirty (30) years for his habitual offender determination. Additionally, the trial court imposed a twenty (20) year sentence for Mefford's Class B felony dealing a controlled substance conviction in FA-21. The trial court ordered that the sentences be served consecutively and executed at the Department of Correction and determined Mefford to be a sexually violent offender.

<u>DECISION</u>

Mefford argues that his aggregate one hundred (100) year sentence is inappropriate. Specifically, Mefford makes no argument regarding his habitual offender enhancement, but he argues that his sentences for his child molesting and dealing a controlled substance convictions are inappropriate because the trial court imposed the maximum sentence on these two convictions and ordered them to be served consecutively. Mefford suggests that an appropriate sentence for his two convictions would be presumptive, concurrent terms.

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to

leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id.* at 1224.

When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. The sentencing range for a class A felony is between twenty (20) and fifty (50) years, with the advisory sentence being thirty (30) years. I.C. § 35-50-2-4. The sentencing range for a class B felony is between six (6) and twenty (20) years, with the advisory sentence being ten (10) years. I.C. § 35-50-2-5. When a person is determined to be an habitual offender, the trial court "shall sentence a person . . . to an additional fixed term that is not less than the advisory for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense." I.C. § 35-50-2-8(h). This additional sentence, however, may not exceed thirty (30) years. *Id.* For Mefford's Class A felony child molesting conviction in FA-7, the trial court imposed a fifty (50) year sentence enhanced by thirty (30) years for his habitual offender determination. For Mefford's Class B felony dealing a controlled substance conviction in FA-21, the trial court imposed a twenty (20) year sentence to be served consecutively to his sentence in FA-7.

7

Regarding the nature of Mefford's offense of dealing a controlled substance, the record reveals that Mefford sold a total of thirty-one tablets of hydrocodone on two separate occasions. According to the presentence investigation report ("PSI"), Mefford sold the hydrocodone because he was trying to get money to buy heroin.

Turning next to the nature of Mefford's child molestation offense, the record reveals that Mefford had sex with his thirteen-year-old stepdaughter, S.F., who is mentally handicapped. As a result of the molestation, his stepdaughter became pregnant. Mefford told S.F. to lie and say that she became pregnant by a fictional person named Mike, and Mefford tried to arrange for her to have an abortion out of state. When confronted by police about S.F.'s pregnancy, Mefford lied and blamed the pregnancy on the fictional person. After the police told Mefford that they were going to get DNA from the fetus to determine paternity, Mefford continued to lie and deny involvement. Mefford admitted that he had sex with S.F. only after he failed a polygraph exam. Mefford then claimed that he was under the influence of alcohol and pain medication and that he thought he was having sex with his wife when he was having sex with S.F. DNA testing of the fetus confirmed that Mefford was the father of the baby. The nature of Mefford's child molesting offense is further exacerbated by the fact that he has a prior conviction for sexual misconduct with a minor and two juvenile adjudications for gross sexual imposition.

As to Mefford's character, the record reveals that Mefford—who was forty-one years old at the time of his offenses—has amassed a long criminal history that includes, among other things, sexual offenses committed while an adult and as a juvenile as well as

8

crimes involving dishonesty. Furthermore, during the sentencing hearing, Mefford admitted that he had lied to the probation officer who compiled his PSI for his 2004 sexual misconduct with a minor conviction. Even more troubling, Mefford was on probation from this sexual misconduct conviction when he committed the child molestation and dealing offenses at issue in this case. He admitted to violating his probation in that sexual misconduct with a minor case and had his probation revoked. Additionally, he had his probation revoked in two other cases, one in 1994 and the other in 1996.

In support of his character, Mefford points to his history of being molested as a child. The trial court acknowledged Mefford's history of molestation but determined that it was not a mitigating circumstance in this case. Indeed, Mefford's own psychological evaluation indicates that the psychologist acknowledged that Mefford's history may not be a mitigating factor "*from a legal standpoint.*" (Mefford's Ex. A at 2) (emphasis in original). The psychological report also indicates that Mefford's history of molestation "certainly *does not* negate the level of criminal responsibility that [Mefford] has for his offense." (Mefford's Ex. A at 3) (emphasis in original).

Additionally, Mefford's extensive and prolonged history of alcohol and drug use despite prior treatment does not reflect positively on his character. The PSI reveals that Mefford admitted to the use of alcohol since the age of fourteen and to being an alcoholic. Mefford stated that he was drinking daily at the time of his offenses, which was done despite the fact he was on probation. Mefford also admitted to first smoking marijuana at the age of fourteen and then progressing to cocaine and heroin, which he

9

stated he used "off and on for thirty years." (App. 159). To be sure, Mefford's history of criminal activity, multiple probation violations and revocations, and admitted illegal drug use reflect poorly on his character and indicate nothing but a disregard for the law.

Finally, we reject Mefford's argument that his sentence is inappropriate because he received consecutive sentences. "It is a well established principle that the fact of multiple crimes or victims constitutes a valid aggravating circumstance that a trial court may consider in imposing consecutive or enhanced sentences." *O'Connell v. State*, 742 N.E.2d 943, 952 (Ind. 2001). Here, Mefford committed two separate crimes of child molesting and dealing a controlled substance that were committed on different days and tried in separate causes.

Mefford has not persuaded us that that his sentence is inappropriate. Therefore, we affirm the trial court's sentence.

Affirmed.

ROBB, C.J., and MAY, J., concur.